UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD,<br><br>    Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>    Defendants. | Case No. 2:11-cv-01371-MCE-EFB<br><br>**ORDER** |

Through this action, Plaintiff Connie Arnold ("Plaintiff") seeks redress from Defendants Costco Wholesale Corporation ("Costco"), Wendy's International, Inc., Yuriko Yokota Trust, Jane Kumabe and Agens Masuda for violations of the Americans with Disabilities Act, and various provisions of California law. Very generally, Plaintiff alleges that Defendants have failed to provide disabled persons with full and equal access to their goods and services, as their premises contain "architectural barriers" which prevent Plaintiff, and others who use wheelchairs, from being able to "use and enjoy their facilities to the same extent as able-bodied persons." (ECF No. 1 at 2.)

Presently before the Court is Defendant Costco's Motion to Set Settlement Conference and Stay Deadlines. (ECF No. 32.) Plaintiff filed a timely Opposition. (ECF No. 36.)

1  Costco then filed a reply which seeks to have the Court modify the Pretrial Scheduling
2  Order to permit Costco's disclosure of rebuttal expert witnesses until May 2, 2013.  (ECF
3  No. 45.)  For the reasons set forth below, Costco's Motion to Set Settlement Conference
4  and Stay Deadlines is GRANTED, and Costco's request to modify the Pretrial
5  Scheduling Order to extend the time for Costco's disclosure of rebuttal expert witnesses
6  is GRANTED.[1]

7  Costco states that it prepared a draft settlement agreement for Plaintiff's review,
8  leaving blanks for the monetary portion of the settlement.  Accordingly to Costco, Plaintiff
9  agreed to the proposed modifications, but has requested that the parties enter into two
10 separate settlement agreements: one to cover the injunctive relief, and a second
11 (subsequent) settlement to address Plaintiff's damages and attorney's fees.  Costco
12 opposes such a two-step settlement process.  Thus, according to Costco, the parties are
13 at an impasse, and Costco believes that a settlement conference with the Court might
14 assist the parties in resolving these issues.  Costco therefore asks the Court to "stay all
15 current discovery deadlines."  (ECF No. 32 at 2.)

16 According to the Pretrial Scheduling Order set by this Court on May 1, 2012, all
17 discovery, with the exception of expert discovery, was to be completed by November 9,
18 2012. (ECF No. 20.)  Expert disclosures were due January 9, 2013, with supplemental
19 expert disclosures due January 29, 2013.  (Id.)  Dispositive motions are scheduled to be
20 heard no later than May 2, 2013.  (Id.)  The Pretrial Scheduling Order was modified on
21 October 31, 2012, to set the Final Pretrial Conference for February 6, 2014, and set the
22 trial for April 14, 2014.  (ECF No. 22.)  After the instant motion was filed, the Pretrial
23 Scheduling Order was again modified on February 19, 2013, to permit additional non-
24 expert discovery until May 2, 2013, and to extend the deadline for filing dispositive
25 motions from March 7, 2013, to June 2, 2013.  (ECF No. 42.)
26 ///
27
28 [1]  Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

Costco now requests that the Court modify the Pretrial Scheduling Order to permit Costco's disclosure of rebuttal expert witnesses until May 2, 2013. (ECF No. 45.)

Plaintiff does not oppose a settlement conference with the Court. (ECF No. 36 at 2.) However, Plaintiff takes issue with Costco's request to "stay all current discovery deadlines." (Id.) Plaintiff argues that because the discovery dates have passed and Costco did not seek to modify the Pretrial Scheduling Order prior to these dates, Costco cannot now claim prejudice and request a retroactive stay of these dates. However, Plaintiff states that she does not oppose the Court staying the date to hear dispositive motions, the Final Pretrial Conference and trial, which is currently set for April 14, 2014. Plaintiff seeks only to ensure that dates are not reopened which have already closed.

The Court finds that Costco's request to continue the deadline for expert rebuttal witness disclosure is reasonable, in light of the parties' agreement to participate in a settlement conference. However, the parties are advised that there will be no further modifications to the pretrial scheduling order.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Costco's Motion to Set Settlement Conference and Stay Deadlines is GRANTED and the case is stayed pending completion of a settlement conference;

2. The Clerk's Office is directed to randomly assign a settlement judge;

3. The deadline for disclosure of expert rebuttal witnesses is extended to May 2, 2013.

DATED: March 6, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE