IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD, | No. 2:11-cv-1371 MCE AC |
| Plaintiff, | |
| vs. | ORDER SETTING SETTLEMENT CONFERENCE BEFORE THE HONORABLE DALE A. DROZD |
| COSTCO WHOLESALE CORP. et al., | |
| Defendants. | |

This case been reset for a settlement conference before U.S. Magistrate Judge Dale A. Drozd on September 30, 2013, at 10:00 a.m. at the U.S. District Court, 501 I Street, Sacramento, California 95814, in Courtroom #27.

Counsel and a representative of each party in this action with full and unlimited authority to negotiate and enter into a binding settlement on each of the parties' behalf shall attend the settlement conference in person absent further order of the court.[1]

---

[1] The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have

1

1          Those attending the settlement conference must be prepared to discuss the claims, defenses and damages involved in this action.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset once again to another date.  The parties may, if they desire to do so, update their settlement conference statements submitted in conjunction with the originally scheduled settlement conference date of September 19, 2013. The parties, however, are not required to do so.

          IT IS SO ORDERED.

DATED: September 24, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD1:civil
arnold11cv1371.o.settlementconf.wpd

---

"unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).